UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ELISA POOLE, § | |
| Individually and On Behalf of All § | CIVIL ACTION NO. 2:19-CV-634 |
| Others Similarly Situated, § | |
|     Plaintiff, § | |
| § | CLASS ACTION COMPLAINT |
| vs. § | |
| § | |
| RUSSELL CELLULAR, INC. § | |
|     Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Elisa Poole, ("Plaintiff"), on behalf of herself and all others similarly situated (the "Class Members"), and files this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1.   Russell Cellular, Inc. ("Defendant") was formerly the employer of Plaintiff and other Class Members. Plaintiff Elisa Poole started working for Defendant as a store manager in 2012 until she was promoted to a District Manger in 2017. As a store manager, Plaintiff was required to travel to and work in New Mexico regularly. During her time with Defendant, Plaintiff never received overtime pay for all her hours worked over 40 in a given work week. On information and belief, there are at minimum dozens of store managers who since 2012 that have, like Plaintiff, been denied overtime while working for Defendants in New Mexico.

2.   Defendant has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiff and other Class Members overtime at the legally required rate. Plaintiff, individually and on behalf of all other

Class Members, brings this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA. In addition, Plaintiff brings an individual action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This class action consists of:

**ALL CURRENT AND FORMER EMPLOYEES OF DEFENDANT WHO (1) WORKED AS STORE MANAGERS IN NEW MEXICO AND (2) WERE DENIED OVERTIME PAY FROM 2012 UNTIL THE PRESENT.[1]**

4. Defendant has willfully committed widespread violations of the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff Elisa Poole is an individual residing in Texas.

6. Plaintiff brings this NMMWA claim as a Rule 23 class action on behalf of the Class Members.

7. Defendant is a foreign for-profit corporation with its principle place of business in Battlefield, MO. Despite doing a significant amount of business in New Mexico (as described below), Defendant does not maintain a registered agent for service of process in New Mexico.

---

[1] Members of this proposed class will hereinafter be referred to as the "Class Members." Plaintiff began working for Russell Cellular in 2012. The exact period covered by the NMMWA class action is unknown at this time because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiff and the Class Members would begin when Russell Cellular's denial of overtime pay to store managers started, and limitations would not begin to run for any class members until Russell Cellular's illegal pay scheme ended (if it ever ended). Plaintiff intends to seek discovery from Russell Cellular regarding the time period of its scheme of its store managers such as Plaintiff and intends to amend its Complaint if Plaintiff determines that Russell Cellular's illegal misclassification scheme began prior to 2012, which it almost certainly did.

As such, Defendant can be served through its registered agent for service of process in Texas, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201 or where found.

### III. JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." This Court also has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case is seeking a class action under rule 23 of the Fed. R. Civ. P.; (2) the Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) at least one Class Member is from a different state than Defendant.

9.   This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in New Mexico and it has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case.  This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

## IV. NMMWA COVERAGE FACTS

11. At all relevant times, Defendant acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT. ANN. § 50-4-21(B) with respect to Plaintiff and other Class Members. Defendant was responsible for all decisions related to Plaintiff and the Class Members, including: the wages to be paid to them, the work to be performed by them, the locations of work performed by them, the hours to be worked by them, and the compensation policies with respect to them.

12. At all relevant times, Plaintiff and the Class Members constituted individual "employees" as that term is understood under the NMMWA.

13. At all relevant times, Plaintiff and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiff's job assignments assisted in the sale of Verizon Wireless products and services, and upon the production of said products and services, it was placed into the stream of commerce and was bought and sold across the United States. Moreover, Plaintiff, in the performance of her job duties while working for Defendant, regularly used instrumentalities of interstate commerce such as her cell phone and e-mail to communicate with others at Defendant. The same is true for the other Class Members.

## V. FLSA COVERAGE FACTS

14. At all relevant times, Defendant acted as the employer with respect to Plaintiff. Defendant was responsible for all decisions related to the wages to be paid to Plaintiff, the work to be performed by Plaintiff, the locations of work performed by Plaintiff, the hours to be worked by Plaintiff, and the compensation policies with respect to Plaintiff.

15. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

17. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## VI. FACTUAL BACKGROUND

18. Russell Cellular, Inc. is an exclusive Verizon Authorized Retailer specializing in wireless communication services. It is one of the nation's largest Verizon Wireless Retailers with over 637 locations across 35 states, with locations throughout New Mexico, including Roswell, Hobbs, Carlsbad, Artesia, Gallup, Clovis, Portales, Grants, Espanola, Socorro, Farmington, Bloomfield.

19. Every week, or virtually every week, that Plaintiff worked for Defendant from 2012 until the present, Plaintiff worked more than 40 hours per week. As a store manager, Mrs. Poole regularly traveled to the Portales, New Mexico store to work there, and worked at other New Mexico locations as well. While Plaintiff has not had the opportunity to conduct discovery,

she estimates that she averaged working at least 60-70 hours per week while employed by Defendant, and on information and belief other store managers worked similar hours.

20. No exemption excuses Defendant from paying Plaintiff and other similarly situated Class Members overtime rates under the NMMWA. While Plaintiff and the Class Members were classified as store managers and could conceivably be classified under the executive exemption, none of the job duties performed by Plaintiff and the Class Members meet the executive exemption requirements.

21. Defendant violated the NMMWA by failing to pay Plaintiff and other Class Members overtime for all overtime hours worked.

22. Despite Plaintiff and other Class Members routinely working over 40 hours per week, Defendant failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

23. Plaintiff and other Class Members are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

24. Plaintiff has retained the undersigned counsel to represent her and those similarly situated in this action. Under the NMMWA, Plaintiff and those similarly situated are entitled to recover liquidated damages and all reasonable attorney's fees and costs incurred in this action.

## VII. NEW MEXICO CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates all allegations previously made in this Complaint.

26. Plaintiff brings this class action on behalf of the respective Class Members.

27. The Class Members are so numerous that their joinder is impracticable.

28. While the precise number of the Class Members is unknown, a large number of Class Members worked for Defendant from 2012 until the present in at least one workweek in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

29. Plaintiff's claims are typical of the Class Members.

30. Plaintiff and the Class Members were classified as exempt from overtime.

31. The primary job duties of Plaintiff and the Class Members consisted of nonexempt work.

32. Plaintiff and the Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

33. Plaintiff and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

34. Common questions of law and fact for the Class Members predominate over any questions affecting any individual member, including:

    a. Whether Defendant's unpaid overtime violated NMMWA by failing to pay the Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

    b. Whether Defendant's overtime policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

    c. The proper measure of damages of the Class Members; and

    d. Whether Defendant should be enjoined for such violations in the future.

35. As a result, Plaintiff will fairly and adequately protect the Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

36. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

37. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VIII. CAUSES OF ACTION

### COUNT 1: VIOLATION OF NMMWA (INDIVIDUALLY AND ON BEHALF OF CLASS)

38. Plaintiff incorporates all allegations previously made in this Complaint.

39. Plaintiff and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NMMWA by employing

employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## COUNT 2: VIOLATIONS OF FLSA (INDIVIDUALLY ONLY)

40. Plaintiff incorporates all allegations previously made in this Complaint.

41. Plaintiff was an exempt employee of Defendant but is entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek because the primary job duties were not managerial, and largely consisted or nonexempt work.

42. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

43. In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

44. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for the entire period of Defendant's failure to pay store mangers overtime, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees,

as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### IX. RELIEF SOUGHT

45. Plaintiff prays for the following relief against Defendant on an individual basis and on a representative basis on behalf of the Class Members:

   a. For an Order certifying his NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

   b. For an Order awarding Plaintiff and the Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under NMMWA;

   c. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com